BETTY L. WILLIFORD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Williford v. Commissioner
Docket No. 8044-91
United States Tax Court
T.C. Memo 1992-445; 1992 Tax Ct. Memo LEXIS 475; 64 T.C.M. (CCH) 401; August 10, 1992, Filed Decision will be entered for respondent. For Petitioner: Joseph Blackwell. For Respondent: John E. Budde. GUSSIS
GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was assigned for trial pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. Respondent determined a deficiency in petitioner's Federal income tax for 1987 in the amount of $ 3,289 and additions to tax under section 6653(a)(1)(A) and (B). The issues for decision are: (1) Whether petitioner has substantiated Schedule E rental expenses in excess of the amount allowed by respondent; and (2) whether petitioner is liable for additions to tax for negligence under section 6653(a)(1)(A) and (B). Some of the facts were stipulated, and they are so found. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioner was a resident of Cleveland, Ohio, at the time the petition herein was filed. Petitioner claimed rental expenses on Schedule *476 E of her 1987 income tax return in the total amount of $ 30,369 with respect to six rental properties in Cleveland. Petitioner occupied one-half of one of the properties. Respondent in her notice of deficiency allowed an additional rental expense deduction of $ 218 with respect to one of the rental properties and disallowed the following rental expense deductions claimed with respect to the remaining five rental properties: Property #2, 841-843 E. 141st St.
Commissions
$   300
Repairs
1,450
Total
$ 1,750
Property #3, 14008-10, Shaw Ave.
Other Interest
$   365
Utilities
1,725
Total
$ 2,090
Property #4, 1721 Allendale Ave.
Repairs
$ 2,550
Total
$ 2,550
Property #5, 14613-15 Potomac Ave.
Commissions
$   275
Insurance
255
Repairs
4,192
Taxes
413
Utilities
1,047
Total
$ 6,182
Property #6, 13319-21 Shaw Ave.
Insurance
$   150
Repairs
2,550
Utilities
1,741
Total
$ 4,441
Petitioner has the burden of showing that she is entitled to rental expense deductions in excess of the amounts allowed. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). It appears that during 1987 the rental properties were managed by War-Cel Realty (War-Cel), *477 an entity owned and operated by Wardel Williford, petitioner's third cousin. Mr. Williford died in 1989. Petitioner had no formal agreement with War-Cel concerning the management of the properties. She apparently received monthly statements from War-Cel which she did not question. Petitioner's knowledge about the properties was singularly limited. She never visited the properties here at issue. She was markedly unaware of the most basic details involved in the acquisition and operation of the properties. It also appears that she transferred one of the rental properties to Mr. Williford's surviving children in 1991 for no consideration. On this sketchy and highly unsatisfactory record, we are unable to find that petitioner is entitled to expense deductions in excess of the amounts allowed by respondent. Petitioner demonstrated an almost complete unfamiliarity with the properties involved and with the operation of such properties. We have examined the War-Cel monthly statements with respect to the operation of some of the properties and find them unconvincing. For the most part, the statements are no more than conclusory totals of expense items. No substantiation for these *478 totals is in evidence. No breakdown of the various expense totals appears in the statements. For some unexplained reason, the monthly statements for one of the properties (the Potomac property) pertain largely to the year 1989 rather than to 1987, the year at issue. Moreover, it appears that on occasion the accountant who prepared petitioner's 1987 return simply accepted an expense amount supplied in telephone contacts with War-Cel. The accountant could not recall whether he was provided with documentary evidence to support the War-Cel monthly statements he used in preparing petitioner's returns. We find this significant in view of the disproportionately large expense items appearing on the monthly statements. In short, we find the monthly statements wholly unreliable and unpersuasive. On this record, we must conclude that petitioner has failed to meet her burden of showing that she is entitled to a deduction for the disallowed expenses in excess of the amounts allowed by respondent. Respondent is therefore sustained. Section 6653(a)(1)(A) provides that if any part of any underpayment is due to negligence or intentional disregard of rules or regulations, there shall be added *479 to the tax an amount equal to 5 percent of the amount of the underpayment. Section 6653(a)(1)(B) provides that if any part of the underpayment is due to negligence or intentional disregard of rules or regulations, there shall be added to the tax an amount equal to 50 percent of the interest payable under section 6601 with respect to the portion of such underpayment which is attributable to negligence. Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner has the burden of proof. Bixby v. Commissioner, 58 T.C. 757, 791 (1972). Petitioner displayed an almost complete unfamiliarity with the acquisition and operation of the rental properties and a ready acceptance, with no independent inquiry, of the disproportionately large expenditures (as compared to her reported income) which were purportedly incurred. We do not believe that petitioner acted reasonably, prudently, or with due care. Taxpayers are required to maintain sufficient records to substantiate claimed deductions and credits. See sec. 1.6001-1(a), *480 Income Tax Regs. Petitioner apparently kept no records. Instead, she relied exclusively on the cursory monthly statements supplied by War-Cel and did not question these statements or request documentation to validate them even when various items clearly invited scrutiny. On the basis of this record, therefore, we must sustain respondent's determination on this issue. Decision will be entered for respondent.